**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAROLYN J. FLORIMONTE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:25-409** |
| **v.** | : | **(JUDGE MANNION)** |
| **BOROUGH OF DALTON,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Pending before the court is the defendant's motion to dismiss the plaintiff's complaint. (Doc. 19). Upon review of the motion and related materials (Docs. 1, 20, 22, 24), the defendant's motion to dismiss will be **GRANTED**.

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s]to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v.*

*Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

Turning to the defendant's pending motion to dismiss, this court provided in a recent order that:

> …the plaintiff filed the instant action raising claims related to drainage pipes that the defendant installed on her property in Dalton, Pennsylvania, before she purchased the property back in 2000. The plaintiff claims that the pipes discharge water onto her property and have caused damage to it. This is the plaintiff's fifteenth[1] attempt to raise claims related to the drain pipes on her

---

[1] Apparently, the court was incorrect in its prior order that this is the plaintiff's fifteenth attempt to raise her claims. A memorandum and order dated June 15, 2023, dismissing the latest of the plaintiff's state court actions indicates that the plaintiff "filed what appears to be her fifteenth (15th) action against the Borough of Dalton centering on the flooding of her property on Third Street." (Doc. 20-6, p. 2, and fn. 1 (listing prior fourteen actions)).

*(footnote continued on next page)*

property having already filed eleven cases[2] in the state courts and three cases in this court. (Doc. 20, pp. 7-8). All but one of the state court actions were summarily dismissed[3] and all of the federal actions were dismissed. The dismissal of the plaintiff's federal actions has resulted in appeals to the United States Court of Appeals for the Third Circuit on at least two occasions. In the first of these appeals, the Third Circuit upheld the dismissal of the plaintiff's claims by the district court as being barred by the doctrine of *res judicata*. *Florimonte v. Borough of Dalton*, 603 F. App'x 67 (3d Cir. 2015) (*per curiam*). In the second, wherein the plaintiff attempted to undermine the *res judicata* ruling by arguing that the Borough prevailed in the prior case due to fraud, the Third Circuit upheld the district court's ruling that the plaintiff failed to state a claim for relief under Fed.R.Civ.P. 60(d)(1) and (3), and had failed to demonstrate that the district court's earlier determination that her claims were barred by *res judicata* should be set aside. *Florimonte v. Borough of Dalton*, 735 F. App'x 53 (3d Cir. 2018).

In the pending motion, the defendant argues, as it did previously, that the plaintiff's latest complaint should be dismissed as being barred by the doctrines of *res judicata* and collateral estoppel because her complaint

---

Therefore, the instant action actually appears to be the plaintiff's sixteenth complaint about the drainage and flooding on her property.

[2] See n.1.

[3] One state court case, the very first filed by the plaintiff, proceeded to a bench trial in 2003 in the Court of Common Pleas of Lackawanna County. *See Florimonte v. Borough of Dalton*, 2003-CV-60011 (CCP Lacka.). It was ultimately dismissed. On appeal, the Commonwealth Court ordered that an equitable remedy be fashioned and it was. Every case filed by the plaintiff since has been dismissed.

consists of claims and causes of action that have been repeatedly rejected by the state and federal courts.

The Supreme Court has provided:

> Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citations omitted).

*Res judicata* bars an action when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

The defendant argues that all of the elements for *res judicata* are present here. In this regard, the defendant argues that there is no question that there have been multiple final judgments entered in favor of the defendant and against the plaintiff in the previous actions filed by the plaintiff. Moreover, the defendant argues that those previous actions all involved the same parties. Finally, the defendant argues that the claims raised by the plaintiff in the instant action, or variations of those claims, have been raised

and rejected repeatedly by the courts in her previous actions, or that they could have been raised and were not. Although the plaintiff attempts to focus her current claims on more recent incidents alleging that flood waters from the drainage damaged 100 of her trees in 2022 and infiltrated her garage causing her to fall and sustain injuries in 2023, the defendant argues that these claims are still based on facts, issues and causes of action that have already been decided against her.

"Issue preclusion, or collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated." *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007); *see Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020) (explaining that "issue preclusion (sometimes called collateral estoppel) ... precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment" (citations omitted)). "The preclusive effective of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under federal common law, "[a] finding of issue preclusion [(also known as collateral estoppel)] is appropriate when (1) 'the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment.'" *Arlington*

- 6 -

*Indus., Inc. v. Bridgeport Fittings, Inc.*, 106 F. Supp. 3d 506, 513-14 (M.D. Pa. 2015) (quoting *Peloro*, 488 F.3d at 175).

At the very least, the defendant argues that issues related to the plaintiff's Fifth and Fourteenth Amendment claims, as well as any claim for continuing trespass, have been previously litigated and decided against the plaintiff by final and valid judgments in both state and federal courts. The defendant argues that the decision on these issues were not merely dicta, but were critical to the dismissal of the previous actions. Therefore, in addition to being barred by *res judicata*, the defendant argues that these claims are also barred by collateral estoppel.

For her part, the plaintiff counters that the claims in her current action are not barred by the doctrines of *res judicata* or collateral estoppel because she has provided sufficient allegations of a continuing trespass. The plaintiff argues that the claims in the instant action cover only the time frame from September 7, 2022, forward and include continuing, reckless violations of her First, Fifth and Fourteenth Amendment rights by the defendant. The plaintiff argues that "she has the right to continue filing lawsuits unless and until Defendant installs catch basins on Third Street to end the flooding, causing a drainage problem." (Doc. 22, p. 6).

In the most recent of the plaintiff's state court actions to be dismissed, the plaintiff raised the same argument of a continuing trespass[4] and also argued, among other things, that that she "has the right to file successive lawsuits for as long as it takes to end the flooding of her Property by the Borough of Dalton" and that she "has the right to file a complaint for every day that the flooding trespass continues." (Doc. 20-6, p. 14). In the decision dismissing her complaint as being barred by the doctrines of *res judicata* and collateral estoppel, the state court provided:

> Carolyn J. Florimonte (Florimonte), proceeding *pro se*, filed what appears to be her fifteenth (15th) action against the Borough of Dalton centering on flooding of her property on Third Street. The current Complaint is titled in continuing trespass.
>
> ***
>
> The Complaint seeks to limit itself temporally. ("This action pertains only to the period of time since the filing of February 25, 2021 (21-CV-918), until the present date of this filing of September 7, 2022 . . .").
>
> ***
>
> Florimonte seeks all kinds of relief in the form of compensatory damages and multiple equitable orders. Dalton filed preliminary objections and a motion to dismiss pursuant to Pa.R.Civ.P. 233.1. Dalton argues that, based on the application of *res judicata*, Florimonte's Complaint should be dismissed

---

[4] In the state court action, the plaintiff alleged that the continuing trespass occurred from February 25, 2021, through September 7, 2022. (Doc. 20-6, p. 6).

because the issues raised by Florimonte have been raised and disposed of previously throughout her multiple lawsuits.

\*\*\*

Dalton's preliminary objections find their bases in the application of the doctrine of *res judicata*. Dalton argues that the doctrine "bars the relitigation of issues that either were raised or could have been raised in the prior proceeding." Essentially, Dalton argues that because there have been multiple final valid judgments upon the merits of Florimonte's claims, she is prevented from relitigating the same cause of action. Additionally, Dalton argues that the Complaint fails to state a claim upon which relief may be granted for each of the three counts enumerated in the Complaint.

\*\*\*

Dalton's argument is that Florimonte's claims have repeatedly been presented and litigated, considered, and dismissed, with the exception of her initial action in 2003. That case, *Florimonte v. Borough of Dalton*, Lackawanna County No. 2003-CV-6611, resulted in an unfavorable verdict after a bench trial. Florimonte appealed and the Commonwealth Court of Pennsylvania affirmed the trial court with respect to her negligence claim, but reversed with respect to her equitable claim for trespass. *Florimonte v. Borough of Dalton*, No. 987 C.D. 2012, 2013 WL 3873727 (Pa.Cmwlth.  013). The appellate court concluded that Florimonte had affirmatively waived any takings claim and any claim for money damages, but remanded the matter with instructions to fashion equitable relief to abate the continuing trespass occasioned by the flooding of her property. 2013 WL 3973727 at \*3-\*4, \*11. Upon remand, the trial court directed Dalton to remove the one pipe located on Florimonte's property and to seal and cap both pipes. Neither the borough nor Florimonte appealed the trial court's decision on remand.

Every lawsuit since the first has had at its core the claim that Dalton has continued to channel stormwater onto her

property. She has sought compensatory relief as well as equitable relief repeatedly ...

\*\*\*

Florimonte's claims in the instant matter are barred by the doctrines of *res judicata* and collateral estoppel. Although Florimonte attempts to isolate on a temporal basis her claims in the instant matter, the facts upon which those claims are based have been adjudicated many times over.

As [to] the "identity of the thing sued for," Florimonte has consistently sought compensatory and equitable relief in the form of money damages and a directive to install storm drains. As to the "identity of the case of action," it has consistently been of trespass. As to the "identity of the persons and parties to the action," Florimonte has remained constant throughout, as has the Borough of Dalton. Additionally, Florimonte has sued some of her neighbors and Borough Council. With respect to the "identity of the quality in the persons for or against whom" Florimonte's claims have been made, as noted, they have remained constant.

We conclude that Florimonte's present action is barred by the doctrines of *res judicata* and collateral estoppel.

(Doc. 20-6, pp. 1-10) (footnotes and citations omitted).

As both the state and federal courts have found on a number of occasions, the claims and issues raised by the plaintiff herein are barred by the doctrines of *res judicata* and collateral estoppel. However the plaintiff attempts to frame her claims, the fact is that they have been repeatedly presented to the both the state and federal courts. This is her sixteenth action seeking to obtain relief against the defendant for the drainage and flooding

of her property. She is raising the same claims and issues, against the same party, seeking the same forms of relief. As have the courts before, this court will grant the defendant's motion to dismiss the plaintiff's complaint as being barred by the doctrines of *res judicata* and collateral estoppel. Moreover, the plaintiff's complaint will be dismissed with prejudice, as any attempt to allow her to amend her complaint would clearly be futile at this point.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 5, 2025**
25-409-01

- 11 -